## *Nantz, Stewart &c. vs. McPherson.*

CHANCERY. | 7tm 597 |
| 121 | 608 |

Error to the Logan circuit; HENRY P. BROADNAX, Judge.　　Case 125.

*Pleading in Chancery. Vendor and vendee. Notice to purchasers. Bill pro confesso. Admissions. Cross bills. Parties.*

Judge MILLS delivered the Opinion of the Court.　　October 22.

SAMUEL H. CURD, being seized of a tract of land, sold and conveyed it to William Stewart; Stewart sold and conveyed it to William Harrison, who sold and conveyed it to Thomas W. Nantz, who filed this bill, setting forth the aforesaid title, and alleges that Evan McPherson also sets up title to the same land by a conveyance from the same Samuel H. Curd, and asserts title thereto by virtue of Curd's deed; represents his own as superior in both law and equity, and by thus slandering his, the complainant's title, destroys its value, and prevents his selling of it, although he has the possession. He makes McPherson defendant, and prays that he may be compelled to disclaim or relinquish his title.

*Bill of Nantz, holding the legal title and possession, against McPherson, asserting claim, for a release.*

McPherson answers, and admits that he holds a deed from Curd, for the same land; insists that his equity was prior to the claim of the complainant, derived through Stewart and Harrison from Curd, and also charges that he obtained a conveyance from Curd, which was deposited in the office to be recorded, but was lost before it was recorded, and then Curd executed his present deed which is recorded; and he charges that Stewart and Harrison deluded Curd into executing their deed, he not believing it was the same land, and that he would not have executed it, had he not been defrauded into the measure. He also charges that Stewart, Harrison and Nantz, each had full notice of his equity before either of them received their respective titles, or paid the purchase money, and also that his present deed was in fact executed before the deed of Curd to Stewart, and that the latter deed was antedated before his conveyance from Curd, and that all their acquisition of title was a combination to defraud him out of his land. He makes his answer a

*McPherson's answer and cross bill.*

NANTZ &c.
vs.
McPHERSON.

Cross bill
taken for
confessed a-
gainst Curd,
Stewart and
Harrison.

Answer of
Nantz to Mc-
Pherson's
cross bill.

Nantz's cross
bill against
Harrison.

cross bill, and makes Nantz, Stewart, Harrison and Curd defendants thereto; prays for a release of the complainant's title; and if that cannot be granted, that a decree for the value of the land may be rendered in his favor, against Harrison, Stewart, and Curd.

Harrison, Stewart and Curd, never answered this cross bill, although served with process, and it was taken for confessed against them.

Nantz answered, denying that at the time of his purchase he had any knowledge or intimation whatever that McPherson had any claim; but admits that a short time before he received his conveyance from Harrison, in a conversation with McPherson, he was informed that he, McPherson, had a claim to the land, and that he had purchased it from Curd, and he immediately stated this fact to Stewart, under whom Harrison, his immediate vendor, held, and that Stewart assured him that the conveyance of him, Stewart, from Curd, was prior to the conveyance of McPherson; and to prove that fact, referred him to the county court office, where the two conveyances from Curd to Stewart, and from Curd to McPherson, were recorded, and that on searching there, he found that Stewart's statements were true. He denies any knowledge of any bond for the conveyance from Curd to McPherson, or that he had a prior deed executed, which was filed in the office and lost.   He says he cannot admit that the deed of Stewart was antedated, and that Stewart had no right at the date of the purchase of McPherson. He alleges that he is a *bona fide* purchaser from Harrison, and has paid the consideration.

He, Nantz, prays that Harrison may be a defendant to his answer, and that if he loses the land, Harrison may be decreed to refund to him the price paid, with interest.   But on this answer he took no steps against Harrison, and never served process on him.

After the cross bill of McPherson was taken as confessed against Curd, Stewart and Harrison, and before the hearing, Nantz entered on record, the following admission:

"Thomas W. Nantz does not object in this case to the answers of Stewart and Harrison being read as evidence against him, nor does he object to the confession of said McPherson's cross bill against said Stewart and Harrison, by their failing to answer, being read and taken as evidence against him; but waives that rule of law which excludes it.."

No depositions were taken, except one or two, proving Nantz to be in possession of the land.

The court below decreed that McPherson should release and convey his title to Nantz, and that Curd, Stewart and Harrison, should pay the value of the land to McPherson, because they had fraudulently got the title from him. This value was ascertained by a jury, and decreed - accordingly. To reverse this decree, Nantz, Curd, Stewart and Harrison have prosecuted their writ of error.

Assuming the fact to be, that McPherson had a good equity for the land, it would be difficult to screen Nantz from the effect of notice of that equity, under the admissions of his answer.

The make the plea of a *bona fide* purchase without notice, available, the want of notice must be denied positively, and the person pleading it must have completed his purchase by paying *all* the consideration, and receiving his conveyance.

If, before either of these events, he has received such information as would put a prudent man upon a search for the truth of the case, he will be affected by it, and his plea must fail. Here Nantz admits that he did enquire, on receiving the information from McPherson, and that his enquiry ended in ascertaining, by the directions of Stewart, that the conveyance under which he held was prior in date to the conveyance of McPherson.

But there is something more dangerous to Nantz than a mere equity. The fact is charged, that the conveyance of Stewart was antedated so as to overreach that of McPherson, which in fact was prior in point of time. Although Nantz claims under this conveyance from Curd to Stewart, yet it was exe-

NANTZ &c.
vs.
McPHERSON.

Admission of record by Nantz.

Decree of the circuit court.

To make the plea of a *bona fide* purchase without notice, available, the notice, before the whole of the purchase money was paid and conveyance received, must be positively denied.

*from their common grantor of elder date, but in fact subsequently executed.*

cuted before he had any knowledge on the subject, and he does not pretend to have any. If the fact that this deed of Curd to Nantz is the eldest, be true, then Nantz will be affected by it, whether he knew it or not. It would give to McPherson the eldest legal title, and entitle him to a release of that which appeared to be the oldest, but in truth was not.

*Consent by one defendant, that the confession of a co-defendant, by his failure to answer, may be read and taken as evidence against him, is an admission of the allegations of the bill so taken for confessed.*

*Evidence.*

This leads us to inquire what is the effect of the admission on record, that the silence of Stewart and Harrison may be used as evidence against him. As to Stewart and Harrison, without this admission, the facts must be taken as concluded that McPherson has the oldest equity, and also the oldest legal estate, and that the conveyance of Stewart is younger than that of McPherson. The admission of Nantz therefore can be nothing less than permitting these facts to bear against him as if proved.

And this subjects Nantz to a decree compelling him to surrender his apparent legal estate. We shall remark, that the deed to Stewart from Curd, though placed on record by acknowledgment, was not acknowledged before the clerk for several months after its date, and no witnesses thereto appear on the deed; so that the conveyance to McPherson comes in between its date and acknowledgement, a circumstance not unfavorable to the fact of its being antedated.

*Complainant compelled, on defendant's cross bill, to release the title and surrender the possession of the land.*

It follows, then, that instead of McPherson being compelled to surrender his title, Nantz ought to be compelled to surrender his, with the possession of the land, and that the decree against Curd, Stewart and Harrison, is erroneous; and Nantz must be left to pursue Harrison, and his preceding warrantors, at law, especially as he has not brought them before the court, in such an attitude as to obtain a decree against them or either of them.

Decree reversed with costs, and cause remanded with directions to enter up a decree in the court below, in conformity with this opinion.

*Crittenden* for plaintiff; *Mayes* for defendant.